UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL MUEHLEISEN and TAMMI MUEHLEISEN, : : | |
| Plaintiffs : | CIVIL ACTION NO. 3:12-0146 |
| v. : : | (MANNION, M.J) |
| ALTEC INDUSTRIES, INC., : : | |
| Defendant : | |

**MEMORANDUM AND O R D E R**[1]

Pending before the court is the defendant's motion to dismiss the plaintiffs' claim for punitive damages, (Doc. No. 6). Finding that the alleged facts fail to demonstrate the type of outrageous conduct that warrants imposition of punitive damages, the motion is **GRANTED**.

**I.   BACKGROUND**

On March 17, 2011, Plaintiff Michael Muehleisen was injured while using a lift truck manufactured by the defendant. (Doc. No. 1 at 11-12).

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

Specifically, the plaintiff, working as a lineman for Verizon, was operating the lift bucket of the truck when the bucket "suddenly lurched and snapped in the opposite direction" causing him to fall against the operating panel. (Id.). As a result, he suffered injuries to his back, wrist and shoulder. (Id. at 12).

The plaintiff alleges that prior to his accident, other employees had reported that the bucket lift was not operating properly and that it had undergone inspection and maintenance. (Id. at 11-12). The problem, however, was not properly fixed. (Id. at 12).

The plaintiffs initially filed their complaint before the Schuylkill County Court of Common Pleas. (Doc. No. 8). The defendant filed a notice of removal pursuant to 28 U.S.C. §1441 based on this court's jurisdiction under 28 U.S.C. §1332. The complaint comprises three counts: negligent design, construction and inspection; breach of warranty; and, negligent failure to repair. (Doc. No. 1 at 12-15). Punitive damages, however, are only claimed with regard to the third count, negligent failure to repair. (Id. at 15). The defendant filed the instant motion to dismiss the punitive damages claim, (Doc. No. 6), and brief in support, (Doc. No. 7), on February 3, 2012. The plaintiffs filed a brief in opposition, (Doc. No. 12), on March 1, 2012.

**II.   STANDARD OF REVIEW**

The defendant seeks dismissal pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of "necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and

3

quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

**III.   DISCUSSION**

The court agrees that the Pennsylvania Supreme Court has adopted the approach of the Second Restatement of Torts regarding punitive damages.

4

*See Moore v. Vislosky, 240 Fed.Appx. 457 (3d Cir.2007)*(*citing Feld v. Merriam, 506 Pa. 383 (1984)*). Moreover, the court concurs that under §908(2) of the Second Restatement of Torts, punitive damages are only appropriate when there is "conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." RESTATEMENT (SECOND) OF TORTS §908(2). Pennsylvania courts and federal courts applying Pennsylvania law have also stated that "[p]unitive damages may not be awarded for misconduct which constitutes ordinary negligence..." *Wayne v. First Citizen's Nat. Bank*, 846 F.Supp 310, 320-21 (M.D.Pa.1994)(quoting *McDaniel v. Merck, Sharp & Dohme*, 367 Pa.Super. 600, 533 A.2d 436 (1987)); *see also* ConsulNet Computing, Inc. v. Moore, 2008 WL 2950783 (E.D.Pa. July 30, 2008)(citing *Hall v. Jackson*, 788 A.2d 390, 403 (Pa.Super.2001) and quoting *McDaniel*, 533 A.2d at 447).

Here, the plaintiffs stated that other employees reported bucket malfunctions and based on these complaints, the truck was inspected and/or repaired. (Doc. No. 1 at 11-12). Nevertheless, the problem was not apparently fixed. (Id.). Though a failure to properly repair a known problem may be the result of negligence, these facts do not demonstrate outrageous conduct. The plaintiffs have asserted that reports of malfunctions were met with attempts

5

at repair, such conduct does not suggest any evil motive or reckless indifference to others on the part of the defendant. As such, the record does not support the plaintiffs' claim for punitive damages under Pennsylvania law.

**THEREFORE, THE COURT HEREBY ORDERS, THAT:**

The defendant's motion to dismiss the plaintiff's claim for punitive damages, (Doc. No. 6), is **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: August 27, 2012**
O:\shared\MEMORANDA\2012 MEMORANDA\12-0146-01.wpd